UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>vs.<br><br>JUSTIN JAMES SCHNEIDER.<br><br>Defendant-Appellant. | 1:23-CR-10002-CBK<br><br>MEMORANDUM OPINION AND<br>ORDER ON APPEAL |

## BACKGROUND

Justin James Schneider ("Schneider") was convicted by a jury and sentenced by United States Magistrate Judge Mark A. Moreno on August 15, 2024, for assault by striking, beating, or wounding. Schneider appealed from his conviction, contending that the Magistrate erred by denying his: (1) motion to dismiss; (2) motion *in limine*; (3) motion for mistrial; and (4) motion for judgment of acquittal. Schneider requests on appeal that this Court vacate his conviction or, in the alternative, remand for a new trial. This Court has jurisdiction pursuant to Fed. R. Crim. P. 58(g)(2)(B) and is called upon to either affirm or deny the rulings of the magistrate judge and the verdict of the jury.

## STATEMENT OF FACTS

Rayce Hoisington ("Rayce"), the victim, testified that, on October 26, 2022, while taking out the trash, he saw Schneider at a neighboring house that belonged to Schneider's father. Schneider gestured for Rayce to meet him in a nearby yard.

Rayce stated that his hands were in his sweater pocket. According to Rayce, Schneider struck him. Rayce testified that after rolling on the ground and "another strike," Schneider "wanted [Rayce] to go up to his wife's work and apologize to her." Rayce complied and explained that although he could have run away, he "figured [he]'d just get it over and done with."

On arrival, Schneider retrieved his wife Brittany and told Rayce to apologize to her. Rayce testified that he told Brittany, "I'm sorry your husband got hurt." Schneider then punched Rayce in the nose, breaking it. Following the assault, Schneider stated to Rayce "Well, we're done. We're squared up, we're even." The encounter lasted about 10 minutes and Rayce was hit approximately six times.

On cross examination, Rayce testified that the October 26, 2022, confrontation arose out of Schneider having been shot on July 19, 2022, and of Schneider's belief that Rayce was responsible. Rayce testified that, just prior to the beginning of the assault, Schneider asked Rayce "why did you shoot me?" Contrary to the victim's testimony, Schneider's wife testified that Rayce stated: "I'm sorry for shooting your husband."

The Government played a recorded interview of a telephone call between Schneider and Special FBI Agent Joel Smith. In that interview, Schneider initially stated that, prior to the physical altercation, he and Rayce were talking about their "previous dealings" and Rayce "started rubbing his belly" and "lifted his sweatshirt up, going for his belly." In response to questioning from Agent Smith, Schneider stated he was not sure if he thought Rayce was going for a weapon. They ended up on the ground. He stated that Rayce did not hit him. He did not know if he hit Rayce.

Schneider stated during the interview that his disagreement with Rayce did not arise out of the summer shooting and that Schneider did not know who shot him. Schneider stated that their disagreement concerned Rayce leaving Schneider on the side of the road that night. Despite continued questioning, Schneider repeatedly asserted that his assault upon Rayce did not arise out of the shooting of Schneider but instead arose out of Rayce's actions in leaving Schneider on the side of the road that evening.

Upon further questioning, Schneider stated in that interview that he only punched Rayce two or three times, that he made Rayce go to apologize to Schneider's wife, and that he punched Rayce in the nose in front of his wife. Schneider continued to assert that he assaulted Rayce for leaving him on the side of the road on the night of the shooting. Agent Smith stated at trial that Schneider did not want to name the person who shot him because of fear of being a snitch and fear of retaliation.

2

Schneider did not testify at trial. Schneider called Brian Derockbraine in support of his assertion of self-defense. Brian testified that Rayce's truck pulled into his driveway on July 19 "at least three times." Brian further testified that he went inside his house while Rayce's truck was parked outside his house and that Schneider was outside. Brian stated that, while he was inside, he heard "firecrackers going off, like four or five pops." Brian also heard Rayce's truck start and "tear out of my yard." Brian stated that Schneider entered his home and stated, "[t]hey shot me."

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(D), the scope of an appeal from a magistrate judge's judgment of conviction or sentence is the same as in an appeal to the court of appeals from a district court's judgment. "The defendant is not entitled to a trial *de novo* by a district judge." Id.

### A. Denial of Defendant's Motion to Dismiss.

Prior to trial, Schneider moved to dismiss the indictment under Fed. R. Crim. P. 12(b)(3)(A)(v) for "an error in the grand-jury proceedings." Schneider argued that the grand jury was improperly influenced when the Government stated that "the federal court had exclusive jurisdiction over the case and that, if [the grand jury] did not indict, Schneider would not be subject to a charge in any other jurisdiction." Schneider contends that the Government's statement of the law was contrary to the United States Supreme Court holding in Oklahoma v. Castro-Huerta, 597 U.S. 629, 142 S. Ct. 2486, 213 L. Ed. 2d 847 (2022).

To obtain dismissal of an indictment, a defendant must generally show both flagrant misconduct and substantial prejudice. United States v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999); See United States v. Manthei, 979 F.2d 124, 126 (8th Cir.1992). Any injury sustained in the charging process is cured by a subsequent finding of guilty beyond a reasonable doubt. United States v. Dugan, 150 F.3d 865, 868 (8th Cir. 1998) (quoting United States v. Mechanik, 475 U.S. 66, 73, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)); United States v. McKie, 831 F.2d 819, 821–22 (8th Cir.1987).

Schneider has neither pled flagrant misconduct or substantial prejudice. In addition, Schneider was later convicted by a petit jury who knew nothing about the alleged misconduct before the grand jury. As a result, the alleged injury in the charging process was cured. Consequently, this Court finds that the magistrate's denial of Schneider's motion to dismiss the indictment was proper.

### B. Denial of Defendant's Motion in *Limine.*

Prior to trial, the Government gave notice of its intent to present evidence under Fed. R. Evid. 404(b) that, on July 26, 2022, Schneider allegedly shot at Rayce's father's trailer while Rayce was present, hitting a nearby Corson County diesel storage tank. The Government proffered that, together with evidence that Schneider was shot on July 19, 2022, and believed that Rayce was responsible, the evidence demonstrates an animus toward Rayce which would tend to make it more likely that Schneider intentionally punched Rayce in the nose on October 26, 2022, and to negate any claim that he did so in self-defense.

Schneider moved *in limine* to prohibit the Government from offering the evidence, which motion was denied. At trial, evidence was received that Rayce and his father heard shots and that a bullet hole was found in a nearby fuel tank. None of that evidence established any bad act on the part of the defendant. However, the Government introduced evidence that, following the assault upon Rayce, his sister Evelyn made threats in person and on social media to Schneider's wife. Later in the afternoon on the date of the assault, Schneider and his wife went to Evelyn's residence to talk. Evelyn testified that Schneider apologized for assaulting Rayce. Evelyn also testified that Schneider "apologized for shooting towards [her] dad's house."

The magistrate ruled prior to trial that the evidence surrounding both the July 19th and July 26th shootings would be admissible as relevant to motive, intent, absence of mistake, and self-defense. Schneider argues that the evidence alleging he discharged a firearm towards a home Rayce was present at (on July 26) was unduly prejudicial, and the magistrate erred by admitting such evidence. Schneider challenges whether the 404(b) evidence was supported by sufficient evidence, and whether its probative value was

4

substantially outweighed by unfair prejudice. When ruling on the admissibility of the evidence, the magistrate indicated he intended to give a limiting instruction as to that evidence. Such instruction was given orally and in writing in the final jury instructions.

This Court reviews the magistrate judge's decision to admit such evidence for an abuse of discretion under Rule 404(b). United States v. Anthony, 537 F.3d 863, 865 (8th Cir. 2008) (citing United States v. Voegtlin, 437 F.3d 741, 745 (8th Cir. 2006)). The trial court has broad discretion to admit 404(b) evidence. United States v. Gutierrez-Ramirez, 930 F.3d 963, 967 (8th Cir. 2019) (citing United States v. Williams, 796 F.3d 951, 958 (8th Cir. 2015)). The District Court will, however, only reverse when "such evidence clearly had no bearing on the case and was introduced solely to prove the defendant's propensity to commit criminal acts." United States v. Thomas, 760 F.3d 879, 883 (8th Cir. 2014) (citing United States v. Katz, 445 F.3d 1023, 1029 (8th Cir. 2006)); United States v. Walker, 470 F.3d 1271, 1274 (8th Cir. 2006).

In those cases where such abuse occurs, this court reverses a conviction only when the evidentiary ruling affected substantial rights or had more than a slight influence on the verdict. United States v. Alexander, 114 F.4th 967, 971 (8th Cir. 2021) (citing United States v. White, 557 F.3d 855, 857-858 (8th Cir. 2009)).

Rule 404(b) evidence must be (1) relevant to a material issue; (2) similar in kind and not overly remote in time to the crime charged; and (3) supported by sufficient evidence. United States v. Atkins, 52 F.4th 745, 753 (8th Cir. 2022). In addition, Rule 404(b) evidence is subject to Rule 403. Id. Rule 404(b) evidence is supported by sufficient evidence when a jury could find by a preponderance of the evidence that the prior act occurred. See United States v. Brumfield, 686 F.3d 960, 963 (8th Cir. 2012).

This Court finds that the evidence admitted by the magistrate was relevant to the material issue in this case that was similar in kind to the crime charged, and that it was supported by sufficient evidence based on the following facts. Schneider was shot by an unidentified person on July 19, 2022, and Rayce abandoned him. Rayce testified that he was at his father's residence approximately one week after the July 19 shooting incident, when he heard "a loud pop and like something hit a tank." Benny Schnell, the highway

supervisor, testified that he observed a bullet hole going in and a dent on the opposite side in a diesel storage tank. The path of the round appeared to be from the direction of Rayce's father's home. Sheriff Dale testified that Schnell reported a bullet hole in the gas tank on July 26, 2023. On October 26, after assaulting Rayce, Schneider apologized to Rayce's sister, Evelyn, for shooting at the home. Consequently, this Court finds that the magistrate did not abuse his discretion by admitting evidence that Schneider discharged a firearm toward the home.

This Court also finds that any claimed error in admitting such evidence was harmless because the probative value of the 404(b) evidence was not substantially outweighed by the danger of unfair prejudice. The evidence was admissible under Rule 403, which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Atkins, 52 F.4th at 753.

The probative value of 404(b) evidence largely depends on whether there is a close parallel between the crime charged and the acts shown, as well as the remoteness of the other act in terms of time. See United States v. Gordon, 987 F.2d 902, 908 (8th Cir. 1993); United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008) (citing United States v. Johnson, 439 F.3d 947, 952 (8th Cir. 2006)). While all 404(b) evidence is inherently prejudicial, Rule 403 only guards against evidence that is unfairly prejudicial. United States v. Cook, 454 F.3d 938, 941 (8th Cir. 2006); United States v. Betcher, 534 F.3d 820, 825 (8th Cir. 2008). Unfair prejudicial evidence must have had an undue tendency to suggest decision on an improper basis or is so inflammatory on its face as to divert the jury from the material issues in the trial. Atkins, 52 F.4th at 753. Neither is present here.

Even where there is a danger of unfair prejudice, "a limiting jury instruction [such as the one provided by the magistrate] diminishes the danger of unfair prejudice arising from the admission of such evidence." United States v. Littlewind, 595 F.3d 876, 881 (8th Cir. 2010) (cautionary instructions from the trial court may attenuate the risk of unfair prejudice); United States v. Gustafson, 728 F.2d 1078, 1084 (8th Cir.1984). A limiting instruction was given in this case, and we presume the jury followed that

6

instruction. The potential existence of any unfair prejudice in this case did not substantially outweigh the highly probative value of the 404(b) evidence.

In *arguendo*, even if the magistrate erred, an evidentiary error is harmless if it did not substantially influence the jury's verdict. United States v. Cotton, 823 F.3d 430, 435 (8th Cir. 2016) (citing United States v. Aldridge, 664 F.3d 705, 714 (8th Cir. 2011)). A determination on whether an error was harmless is based on a court's review of the entire trial record. United States v. LaDue, 561 F.3d 855, 858 (8th Cir. 2009) (citing United States v. Hasting, 461 U.S. 599, 509 (1983)). The admission of improper 404(b) evidence is further harmless when the Government introduces ample competent evidence from which the jury could conclude beyond a reasonable doubt that the defendant was guilty even without the evidence that defendant argues should have been excluded. See United States v. Taylor, 44 F.4th 779, 794 (8th Cir. 2022) (citing Cotton, 823 F.3d at 435). This Court finds that the record contains sufficient evidence on which the jury reached its verdict.

### C. Denial of Schneider's Motion for a Mistrial.

During closing argument, the Government addressed Schneider's claim of self-defense. The Government asked the jury a rhetorical question: "[w]here is the evidence that any unlawful physical harm was about to be inflicted by [Rayce]?" Schneider objected, citing burden shifting because it was contrary to the final jury instructions that the Government bore the burden. The magistrate overruled the objection, stating, "[i]t's closing argument." Schneider alleges that the magistrate did not admonish the jury or provide any curative instruction at that time, and the Government restated the rhetorical question. Schneider moved for a mistrial based on the burden-shifting objection. The magistrate overruled the motion stating, "the Court doesn't view that to be impermissible."

Schneider contends on appeal that prosecutorial misconduct in the Government's closing argument interfered with his right to a fair trial in that the Government's rhetorical question improperly shifted the burden of proof and was contrary to the jury instructions that established that the Government had the burden of proving that

7

"[Schneider] did not act in self-defense." Schneider argues that the magistrate overruled the objection and "did not provide a curative instruction or admonishment, allowing the prosecutor to reiterate the legally improper argument by continuing, '[where's the evidence of any reasonable belief?'"

This Court reviews the magistrate's denial of Schneider's motion for mistrial based on prosecutorial misconduct for an abuse of discretion. United States v. Kopecky, 891 F.3d 340, 343 (8th Cir. 2018) (citing United States v. Beeks, 224 F.3d 741, 745 (8th Cir. 2000)). "The test for reversible prosecutorial misconduct has two parts: (1) the prosecutor's remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Conroy, 424 F.3d 833, 840 (8th Cir. 2005) (quoting United States v. Hernandez, 779 F.2d 456, 458 (8th Cir.1985). This Court will reverse for "prosecutorial misconduct only if the conduct, even if improper, so prejudiced the defendant that he was unable to obtain a fair trial." United States v. Thao, 76 F.4th 773, 779 (8th Cir. 2023) (quoting United States v. Barrera, 628 F.3d 1004, 1007 (8th Cir. 2011)).

The strength of the evidence against Schneider resulted in his conviction and would not have been different absent the Government's alleged improper statements during closing argument. Rayce testified in detail about the assault and there was further evidence that the defendant admitted to the assault and apologized for the assault. The verdict—based on a beyond a reasonable doubt standard—indicates that the jury believed the victim and rejected Schneider's self-defense claim. See United States v. Poitra, 60 F.4th 1098, 1103 (8th Cir. 2023), cert. denied, 144 S. Ct. 215 (2023); See United States v. Barrera, 628 F.3d 1004, 1008 (8th Cir. 2011) ("If the evidence of guilt is overwhelming, an improper argument is less likely to affect the jury verdict.").

Moreover, a misstatement of the law is harmless error if the court properly instructs the jury on that point of law or instructs the jury that the attorneys' statements and arguments are not evidence. Lingar v. Bowersox, 176 F.3d 453, 460 (8th Cir. 1999) (citing Griffin v. Delo, 33 F.3d 895, 906 (8th Cir. 1994)). The magistrate did both in the

final jury instructions and as a result, the alleged improper remark by the Government was of no consequence to the verdict. This Court finds that the magistrate's denial was proper, even if the prosecutor's remarks should not have been made.

### D. Denial of Defendant's Motion for Judgment of Acquittal.

The standard of review for sufficiency of the evidence requires this court to affirm the verdict of the magistrate, if "there is substantial evidence, taking the view most favorable to the Government, to support it." United States v. Lofton, 233 F.3d 313, 317 (4th Cir. 2000).

Schneider argues that the magistrate erred in denying his motion for judgment of acquittal. Schneider first reasons that Rayce misstated the date of the incident and, as a result, the evidence was insufficient. Second, Schneider reasons that a juror could have reasonably found that Schneider acted in self-defense: when Rayce lifted his sweatshirt up and went for his belly, and Brian Derockbraine's testimony that he heard shots, heard Rayce's truck tear out of the yard and heard Schneider yell, "they shot me." Schneider further argues that these facts and evidence established a basis for self-defense.

Fed. R. Crim. P. 29(a) requires a trial court to enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction and courts, with an appellant function, apply the same standard of review to a ruling for judgment of acquittal as to a sufficiency of the evidence challenge. United States v. Broeker, 27 F.4th 1331 (8th Cir. 2022) (citing United States v. Aungie, 4 F.4th 638, 643 (8th Cir. 2012)).

This court reviews the entire record de novo, views the evidence in the light most favorable to the jury's verdict, resolves conflicts in the Government's favor, and accepts all reasonable inferences that support the verdict. United States v. Euring, 112 F.4th 545, 555 (8th Cir. 2024) (citing United States v. Paul, 885 F.3d 1099, 1101 (8th Cir. 2018)). A guilty verdict may be overturned only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. United States v. Flax, 988 F.3d 1068, 1072 (8th Cir. 2021) (citing United States v. King, 898 F.3d 797, 808 (8th Cir. 2018)).

Schneider confessed that he assaulted Rayce for ditching him on the day he was shot. This confession likely influenced the jury's decision to convict Schneider. It is well-

established as a "general rule that an accused may not be convicted on his own uncorroborated confession." Smith v. United States, 348 U.S. 147, 152 (1954); Warszower v. United States, 312 U.S. 342, 61 S.Ct. 603, 85 L.Ed. 876; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. The facts and circumstances in this case, however, depart from the general rule because, the evidence amply corroborates the confession. Thus, it is more likely that a rational jury would have also convicted defendant on such basis.

This Court finds that Schneider's assertion of self-defense is faulty. Schneider dragged Rayce to his wife's job where he further assaulted Rayce. At this point, it must have been clear to Schneider that Rayce did not pose any threat to him. Even if a juror reasonably finds that Schneider assaulted Rayce in self-defense at the time the altercation started, it would be a gross inference to assume that Rayce still posed a threat when Schneider continued the assault in the parking lot of his wife's workplace. Consequently, this Court finds that the magistrate did not err in denying defendant's motion for judgment of acquittal.

## ORDER

Based upon the foregoing, it is HEREBY ORDERED that the judgment and all rulings are affirmed.

DATED this 17th day of January, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

10